UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

I VAN L UYANDO -H ILDAGO ,

    Petitioner,      Case No. 1:21-cv-986

v.              Honorable Robert J. Jonker

M ATT M ACAULEY ,

    Respondent.
_____/

**OPINION**

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

I.      **Factual Allegations**

Under the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, a federal court conducting initial review of a habeas petition may consider "any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Rule 4 Advisory Committee Notes. Moreover, a court is permitted to "take judicial notice of facts contained in state court documents pertaining to [a petitioner]'s prior conviction so long as those facts can be accurately and readily determined." *United States v. Davy*, 713 F. App'x 439, 444 (6th Cir. 2017) (citing *United States v. Ferguson*, 681 F.3d 826, 834-35 (6th Cir. 2012)). For both reasons, the Court has reviewed and considered the content of the Kent County Circuit Court files for Petitioner's criminal prosecutions.

Petitioner Ivan Luyando-Hildago is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Petitioner pleaded *nolo contendere* in the Kent County Circuit Court to one count of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b.[1] The sexual assault on which the charges were based occurred on September 2, 2003.[2] The victim reported that Petitioner had followed her, subdued her, and forcibly penetrated her vagina multiple times

---

[1] During the same hearing, Petitioner also entered a guilty plea to a drunk driving offense. The petition purports to challenge only the CSC-I plea and sentence.

[2] Because Petitioner entered a *nolo contendere* plea to the CSC-I charge, the prosecutor and defense counsel agreed that the court could accept as a factual basis for the plea excerpts from the police report and the lab report from the Michigan State Police.

with his penis and finger. Several years later the DNA sample taken from the victim matched with Petitioner's DNA. The victim was shown a photo lineup and she identified Petitioner as her assailant. At the plea hearing, the prosecutor introduced a Michigan State Police lab report that confirmed that the DNA sample taken from the victim matched Petitioner's DNA.

On May 29, 2018, the court sentenced Petitioner to a prison term of 13 to 30 years. The minimum sentence was negotiated between the prosecution and defense counsel. The 13-year minimum fell within the guidelines as estimated at the time of the plea; however, when the guidelines were calculated during preparation of the presentence investigation report, the low end of the minimum range exceeded 13 years. The court departed downward from the guidelines minimum and sentenced Petitioner consistently with the agreement of the parties.

Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals. By order entered January 25, 2019, the court of appeals denied leave. Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. That court denied leave by order entered May 28, 2019.

Petitioner took no further action with respect to his conviction or sentence until November 19, 2020, when he filed a motion for modification of the fines and costs the court ordered when it sentenced Petitioner. Petitioner reports the date he filed this motion as "On or around May 29, 2020." (Pet., ECF No. 1, PageID.3.) The "rec'd & filed" stamp of the trial court states otherwise. Moreover, Petitioner signed the motion, the cover letter, and the proof of service on November 12, 2020. Petitioner's self-serving misrepresentation with regard to the date he filed his motion is not the only inaccurate allegation in the petition regarding the motion. Petitioner also alleges that he raised his habeas issues in that motion. (*Id*.) That allegation is also patently

3

false.  The motion relates only to the fines and costs that were part of the judgment.  Petitioner's habeas claims, on the other hand, relate to the involuntary and unknowing nature of his plea and the ineffective assistance of his counsel.

The trial court denied relief by order entered December 28, 2020.  Petitioner again filed applications for leave to appeal in the Michigan appellate courts.  The court of appeals denied leave by order entered April 13, 2021; the supreme court denied leave by order entered October 8, 2021.

On November 17, 2021, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner signed his application on November 17, 2021.  (Pet., ECF No. 1, PageID.24.)  The petition was received by the Court on November 22, 2021.  The Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

4

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on May 28, 2019. Petitioner did not petition for certiorari to the United States Supreme Court. (Pet., ECF No. 1, PageID.2.) The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 26, 2019. Petitioner had one year from that date, until August 26, 2020, to file his habeas application. Petitioner filed his application on November 17, 2021. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The Court will presume that Petitioner's motion regarding fines and costs is a properly filed application for collateral review. The motion, however, does not toll the period of limitation.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.* Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See McClendon v. Sherman,* 329 F.3d 490, 493–94 (6th Cir. 2003). Because Petitioner's one-year period expired on August 26, 2020, his collateral motions filed nearly three months thereafter did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v.*

6

*Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Petitioner's habeas claims suggest that Petitioner may have been hampered by a language barrier. The pleadings he has filed in this Court and the Michigan courts suggest otherwise. Accordingly, the allegations in Petitioner's habeas petition do not suffice to show that he is entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual

7

innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:   December 28, 2021            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE